IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JUDY H. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: |
| v. ) | CV-2014-460 |
| ) | |
| COMERICA BANK ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

COMES NOW the Plaintiff, by and through her attorney, and avers against the Defendant the following:

## INTRODUCTION

1. This is an Electronic Fund Transfers Act case that arises from Defendant's failure to credit Plaintiff for erroneous charges against her account and Defendant's failure to respond to Plaintiff's oral and written notices of error.

## PARTIES

2. Plaintiff is a resident citizen of Mobile County, Alabama and has been so for over two years.

3. Plaintiff is a "consumer" as defined by the Electronic Funds Transfers Act.

4. Defendant is a foreign corporation whose principal address is 1717 Main Street, Dallas, TX 75201.

5. Defendant is a "financial institution" as defined by Reg. E §1005.2(i), as it issues access devices to consumers like the Plaintiff for the purpose of providing electronic funds transfer services.

## JURISDICTION AND VENUE

6. 15 U.S.C. §1693m(g) provides this Court with subject matter jurisdiction of this case, regardless of the amount in controversy.

7. Venue is proper as substantially all of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

8. Defendant is the issuer of the "Direct Express" Debit MasterCard, a debit card issued to recipients of federal benefits.

9. Defendant advertises the card as "a safer, more convenient way to receive federal benefits."[1]

10. Defendant issued a Direct Express debit card – an "access device" as defined by Regulation E – to Plaintiff for the receipt of Plaintiff's government benefits.

11. On May 14, 2014, at approximately 12:20 p.m., Plaintiff attempted to use the card to withdraw approximately $500 at a "Triton" ATM machine (an "electronic terminal" as defined by Regulation E § 1005.2(h) located on the grounds of APCO Employees Credit Union on Airport Boulevard in Mobile, Alabama.  See Exhibit A (ATM receipts showing attempted and failed withdrawal).

12. Due to an error, the funds were not dispensed to the Plaintiff.

13. The Triton ATM machine's failure to dispense funds to the Plaintiff was an "error" squarely within the meaning of Reg. E § 1005.11(a)(1)(v).

14. In order to meet her expenses, Plaintiff withdrew $400 later that same day from an electronic terminal located at a Winn-Dixie store.

15. On or about Monday, May 19, 2014, the Plaintiff attempted to use her Direct Express debit card, but was declined due to an apparent lack of funds in her account.

16. This should not have happened, as she should have had several hundred dollars remaining in her account at that time.

17. On that same date, Plaintiff contacted Defendant by telephone to inquire about the

---

1  www.usdirectexpress.com

missing funds.

18. She was told by an agent of the Defendant that approximately $500 had been dispensed to her in addition to the $400 she had received from the ATM at Winn-Dixie.

19. This was not true, and in that same conversation, Plaintiff informed Defendant that there had been an error with the Triton ATM and that no money had been dispensed.

20. The Defendant's erroneous calculation of the balance in the Plaintiff's account was an "error" within the meaning of Reg. E § 1005.11(a)(1)(iv).

21. Both the Triton ATM's failure to dispense the proper amount of money to the Plaintiff and the Defendant's incorrect accounting of the balance in Plaintiff's account were "acts constituting error" per 15 U.S.C. § 1693f(f).

22. The Plaintiff received documentation evincing the account errors on May 14, 2014 (the Triton ATM receipt) and on May 19, 2014 (the notice of denial due to alleged insufficient funds).

23. 15 U.S.C. §1693f(a) and Reg. E §1005.11(b)(1) require that upon receipt of "any oral or written notice of error from the consumer that...is received by the institution"[2] within 60 days of sending the consumer a periodic statement or other documentation (including ATM receipts) that reflects the alleged error, identifies the consumer's account, and indicates the basis for the consumer's belief an error exists, the "financial institution shall investigate promptly and...shall determine whether an error occurred within 10 business days of receiving a notice of error.  The institution shall report the results to the consumer within three business days after completing its investigation. The institution shall correct the error within one business day after determining that an error occurred."[3]

24. The Plaintiff's oral explanation to the Defendant's agent in her telephone call on May 19th was an oral "notice of error" which triggered Defendant's duty to investigate Plaintiff's allegations.

25. The Defendant did not investigate Plaintiff's allegations.

26. The Defendant did not send Plaintiff the results of any investigation within 10 days as required by 15 U.S.C. §1693f and its corresponding provisions of Reg. E.

---

2  Reg. E §1005.11(b)(1)(i).
3  Reg. E §1005.11(c)(1).

27. The Defendant did not correct the error as required by 15 U.S.C. §1693f and its corresponding provisions of Reg. E.

28. As an alternative to complying with the 10-day investigation rule of 12 CFR 1005.11(c)(1), a financial institution such as the Defendant may comply with its investigative duties under EFTA by provisionally crediting the consumer's account while it conducts an investigation, and such an investigation may last up to 45 days.

29. The Defendant did not provisionally credit the Plaintiff's account.

30. Therefore, the Defendant was not entitled to take more than 10 days to conduct its investigation.

31. In any event, the Defendant never sent Plaintiff any report, results, or explanation of any investigation at all, so Defendant failed to fulfill its statutory duties regardless of the applicable investigation time limit.

32. Plaintiff, through counsel, wrote Defendant a letter on June 9, 2014.  It was a "Notice of Error" as defined by Reg. E § 1005.11.  See attached Exhibit B.

33. The Defendant received the written notice of error from Plaintiff's counsel.

34. Upon receipt of the June 9th notice of error, the Defendant was required to conduct an investigation into the Plaintiff's allegations and either: a) report the results of such investigation back to the Plaintiff within 10 business days or b) provisionally credit the Plaintiff's account pending an investigation lasting no more than 45 days.

35. Defendant did neither.

36. If an investigation was made, Defendant still failed to fulfill its duty under 15 U.S.C. §1693f(d) to send the Plaintiff a **written** explanation of its findings within 3 days of concluding its investigation.[4]

37. To date, neither Plaintiff nor her attorney have received any written response to either of Plaintiff's notices of error.

38. As a result of the Defendant's errors and refusal to respond to Plaintiff's notices of error, the Plaintiff has suffered damages, including but not limited to:

---

4  Even where it later turns out that no error was made and the consumer's dispute was needless, the financial institution still must comply with its duty to conduct an investigation and send the consumer a prompt explanation.  And "**such explanation must be in writing**." (emphasis added) <u>Berenson v. National Fin. Services, LLC</u>, 403 F.Supp.2d 133 (D. Mass 2005); *accord* <u>Bisbey v. D.C. Nat'l Bank</u>, 793 F.2d 315 (D.C. Cir. 1986).

    (a) Loss of at least $500 which Defendant wrongfully deducted from Plaintiff's account;

    (b) Consequential damages naturally flowing from the Defendant's failure to provisionally re-credit Plaintiff's account, such as costs of borrowing from friends and family and transportation;

    (c) Deprivation of basic necessities while Plaintiff's account was erroneously emptied;

    (d) Embarrassment, stress, headache, anxiety, fear, and frustration;

    (e) Time spent attempting to correct Defendant's errors;

    (f) Attorneys' fees.

39. Pursuant to 15 U.S.C. §1693m(a), the Defendant is liable to the Plaintiff for all actual damages suffered as a result of Defendant's violations of the EFTA, in addition to statutory damages of up to $1,000.

40. Furthermore, "violations of [15 U.S.C. §1693f] (unlike violations of §1693h) can lead to statutory damages even in the absence of injury." Gale v. Hyde Park Bank, 384 F.3d 451 (7th Cir. 2004).

41. As the Defendant failed to provisionally credit Plaintiff's account and failed to undertake a good faith investigation into Plaintiff's disputes, the Defendant is liable to the Plaintiff for three times her actual damages.  15 U.S.C. §1693f(e).

42. In addition to its violations of 15 U.S.C. §1693f, Defendant violated  15 U.S.C. §1693h by failing to make an electronic fund transfer in accordance with the terms and conditions of Plaintiff's account when properly instructed to do so.

43. Specifically, Defendant had a contractual and statutory duty to dispense funds to the Plaintiff on May 19, 2014, but it instead denied her request due to an alleged, but nonexistent lack of funds.

44. "[A] financial institution shall be liable to a consumer for all damages proximately caused by" the institution's failure to make a properly requested electronic fund transfer.  15 U.S.C. §1693h(a).

45. For Defendant's violation of 15 U.S.C. §1693h, it is liable tot he Plaintiff for actual damages, costs, and attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Your Plaintiff respectfully prays this Court award her the following relief:

**A) A trial by a struck jury;**

B) An award of actual damages, statutory damages, costs, and attorneys' fees for Defendant's violations of the Electronic Funds Transfers Act;

C) An award of treble damages for Defendant's violations of 15 U.S.C. §1693f(e);

D) Such other relief as the Court may deem just and proper.

/s/ Judson E. Crump
Judson E. Crump [crumj0512]
Counsel for Plaintiff
250 Congress Street
Mobile, Alabama 36603
251.272.9148.
judson@judsonecrump.com

# Exhibit A



**Triton**

APCO EMPLOYEES CREDIT UNION
6396 AIRPORT BLVD
MOBILE AL 36608

Terminal#     ALD066

05/14/2014    12:21:36 PM

*** Withdrawal From Checking ***

A communication failure has occurred.
Please try again later.

| -Card Number | Auth # | Seq # |
|---|---|---|
| ****************0789 |  | 6589 |



**Exhibit B**

Monday, June 9, 2014

Direct Express
PO Box 245998
San Antonio, TX 78224-5998

**NOTICE OF ERROR**

Re:   Judy H. Wright              Acct. No. 5332 4802 1930 0789
      1203 Bernice Hudson Dr
      Mobile, AL 36605

I write on behalf of my client, Mrs. Judy Wright. She has recently been informed by your agents that on or about May 14, 2014, you charged her account approximately $505 for an ATM withdrawal that was allegedly made at an ATM operated by APCO Employees Credit Union, located at 6396 Airport Blvd, Mobile, AL 36608. In truth, Mrs. Wright did not withdraw any money from that ATM. She attempted to do so, but the transaction failed and she did not receive a dime from the account. We therefore demand that you immediately correct the error and refund any money you have deducted from her account, as well as any interest or fees which you have charged her. Pursuant to 15 U.S.C. §1693f, you must either correct the error immediately or provisionally credit her account while you conduct an investigation that may last no longer than 45 days.

Furthermore, Mrs. Wright has informed me that she has not received a periodic statement from you yet. This is a violation of 15 U.S.C. §1693d, and you should henceforth begin sending her written statements. She does not have internet access, so only a written statement will suffice. If you claim that you aren't subject to 1693d by operation of 12 CFR 1005.18, please tell me why you believe that is the case, and send us a complete, written history of this account from its inception to the present.

You may forward your response to the address below. If you would like to discuss this, call me at 251.272.9148. Thank you.

Judson E. Crump

250 Congress St, Mobile, Alabama 36603
T: 251.272.9148  F: 251.650.1207  E: judson@judsonecrump.com



## AUTHORIZATION TO NEGOTIATE

I, __Judy H. Wright__, hereby authorize my attorney, Judson E. Crump, to contact and communicate with any of my alleged creditors, lenders, credit reporting agencies, financial institutions, or other parties as Mr. Crump deems necessary to effectively represent my interests. I further authorize Mr. Crump to initiate or conclude litigation, to enter into settlement agreements, to indorse checks and other negotiable instruments, and to send and receive correspondence on my behalf.

I authorize any third parties to whom this Authorization is presented to provide Mr. Crump with whatever information, documents, instruments, or other evidence he may request.

SIGNED on this __9__ Day of __June__, 2014.

_____

250 Congress St, Mobile, Alabama 36603
T: 251.272.9148  F: 251.650.1207  E: judson@judsonecrump.com